CH

RECEIVED
AUG 01 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARGARET L NELSON

(Name of the plaintiff or plaintiffs)

v.

Kraft Foods Holding Inc

(Name of the defendant or defendants)

08CV4374
JUDGE LEFKOW
MAG. JUDGE COX

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.
2. The plaintiff is MARGARET L NELSON of the county of Cook in the state of Illinois.
3. The defendant is Kraft Foods, whose street address is 801 Waukegan Rd, (city) Glenview (county) Cook (state) Illinois (ZIP) 60025 (Defendant's telephone number) (847) - 646 - 2000
4. The plaintiff sought employment or was employed by the defendant at (street address) 801 Waukegan Rd (city) Glenview (county) Cook (state) Illinois (ZIP code) 60025

5. The plaintiff [check one box]
   (a) ☐ was denied employment by the defendant.
   (b) ☐ was hired and is still employed by the defendant.
   (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) **Nov**, (day) **9**, (year) **2007**.

7.**1**    *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff *[check one box]* ☐ has ~~not~~ ☒ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i)    ☒ the United States Equal Employment Opportunity Commission, on or about (month) **Nov** (day) _____ (year) **2007**.

    (ii)    ☐ the Illinois Department of Human Rights, on or about (month) _____ (day) _____ (year) _____.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ YES.    ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2    The defendant is a federal governmental agency, and
    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

        ☐    Yes (month) _____ (day) _____ (year) _____

        ☐    No, did not file Complaint of Employment Discrimination

    2.    The plaintiff received a Final Agency Decision on (month) _____ (day) _____ (year) _____.

    c.    Attached is a copy of the

        a.  Complaint of Employment Discrimination,
        ☐ YES    ☐ NO, but a copy will be filed within 14 days.

        (ii) Final Agency Decision

        ☐ YES    ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

    (a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

    (b) ☐ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue,* which was received by the plaintiff on (month)_____ (day)_____ (year)_____ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's *[check only those that apply]*:

    (a) ☐ Age (Age Discrimination Employment Act).
    (b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
    (c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)
    (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
    (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
    (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)
    (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant *[check only those that apply]*

    (a) ☐ failed to hire the plaintiff.
    (b) ☒ terminated the plaintiff's employment.
    (c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify): _____

_____
_____
_____
_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

I was fired by Kraft Foods because I fell asleep when I was working in front of the computer. I was on medication because of my disabilty.

14. [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ YES   ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☒ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☒ Direct the defendant to (specify): To pay for the time I would have worked for the Company.

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☐ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)
_Margaret L Nelson_

(Plaintiff's name)
MARGARET L NELSON

(Plaintiff's street address)
2125 Rugen Rd Unit A

(City) Glenview   (State) Illinois   (ZIP) 60026
(Plaintiff's telephone number) (847) – 657-8334

Date: ~~July 15, 2008~~ Aug 1, 2008

EEOC Form 161 (2/08)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Margaret Nelson
2128 Rugen Road
#A
Glenview, IL 60026

From: Chicago District Office
500 West Madison St
Suite 2800
Chicago, IL 60661

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2008-19384 | Sylvia Bustos, Investigator Support Asst | (312) 353-8783 |

CERTIFIED MAIL 7000 1670 0012 6742 7165

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- **NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____
John P. Rowe,
District Director

5/15/08
(Date Mailed)

Enclosures(s)

cc: **KRAFT FOODS**

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 846-2008-19384 |

Illinois Department Of Human Rights _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Margaret Nelson | (847) 657-8334 | 07-21-1954 |

Street Address: 2128 Rugen Road, #A, Glenview, IL 60026

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| KRAFT FOODS | 500 or More | (847) 646-2000 |

Street Address: 801 Waukegan Road, Glenview, IL 60026

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 07-01-2007  Latest: 11-09-2007
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent in January 1996. My most recent position was Sensory Senior Technician. During my employment, I have been disciplined and denied an accommodation request. On November 9, 2007, I was discharged.

I believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990.

RECEIVED EEOC
JAN 1 4 2008
CHICAGO DISTRICT OFC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

Jan 14, 2008  *Margaret L Nelson*
Date  Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

069 4000
312



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
# INTAKE QUESTIONNAIRE

Please immediately complete the entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). REMEMBER, a charge of employment discrimination must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination. Upon receipt, this form will be reviewed to determine EEOC coverage. Answer all questions as completely as possible, and attach additional pages if needed to complete your response(s). Incomplete responses may delay further processing of your questionnaire by EEOC. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "n/a."

(PLEASE PRINT)

1. **Personal Information**
Last Name: NELSON, First Name: MARGARET, MI: L
Street or Mailing Address: 2128 Rugen  Apt Or Unit #: A
City: Glenview  County: Cook  State: IL  Zip: 60026
Phone Numbers: Home: (847) 657-8334  Work: (   )
Cell: (847) 372-3374  Email Address:
Date of Birth: 7-21-1954  Sex: Male___ Female ✓  Race: white
National Origin / Ethnicity: Irish  Do You Have a Disability? Yes ✓  No ☐

Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:
Name: ____  Relationship: ____
Address: ____  City: ____  State: ____  Zip Code: ____
Home Phone: (   ) ____  Other Phone: (   ) ____

I believe that I was discriminated against by the following organization(s): (Check those that apply)

Employer ✓   Union ____   Employment Agency ____   Other (Please Specify) ____

2. **Organization Contact Information**
Organization #1 Name: Kraft Foods
Address: 801 Waukegan Rd
City: Glenview  State: IL  Zip: 60026  Phone: (847) 646-2000
Type of Business: Foods  Job Location if different from Org. Address: ____
Human Resources Director or Owner Name: Migel Lopez  Phone: ____
Number of Employees in the Organization at All Locations: Please Check (✓) One
Less Than 15 ☐   15 – 100 ☐   101 – 200 ☐   201 – 500 ☐   More 500 ✓

Organization #2 Name: Kraft Foods

2

Type of Business: **Food Research** Job Location if not at Org. Address: _____

Human Resources Director or Owner Name: **Mayel Lopez** Phone: _____

Number Of Employees In The Organization At All Locations: please check (✓) one

Less Than 15 ☐　　15 – 100 ☐　　101 – 200 ☐　　201 – 500 ☐　　More 500 ☐

3. Your Employment Data (Complete as many items as you can)

   Date Hired: **Jan. 1996** Job Title At Hire: **Taste Tester**
   Pay Rate When Hired: **$8.10 per hr** Last or Current Pay Rate: **19.80 per hr**
   Job Title at Time of Alleged Discrimination: **Sensory Sr. Technician**
   Name and Title of Immediate Supervisor: **Joanne Prince**
   If Applicant, Date You Applied for Job _____ Job Title Applied For _____

4. What is the reason (basis) for your claim of employment discrimination?

   *FOR EXAMPLE, if you are over the age of 40 and feel you were treated worse than younger employees or you have other evidence of discrimination, you should check (✓) AGE. If you feel that you were treated worse than those not of your race or you have other evidence of discrimination, you should check (✓) RACE. If you feel the adverse treatment was due to multiple reasons, such as your sex, religion and national origin, you should check all three. If you complained about discrimination, participated in someone else's complaint or if you filed a charge of discrimination and a negative action was threatened or taken, you should check (✓) RETALIATION.*

   Race ☐　Sex ☐　Age ☐　Disability ✓　National Origin ☐　Color ☐　Religion ☐　Retaliation ☐　Pregnancy ☐

   Other reason (basis) for discrimination (Explain). _____

5. What happened to you that you believe was discriminatory? **Include the date(s) of harm, action(s) and include the name(s) and title(s) of the persons who you believe discriminated against you.** (Example: 10/02/06 – Written Warning from Supervisor, Mr. John Soto)

   A) Date: **Nov 9, 2007** Action: **I was terminated**

   Name and Title of Person(s) Responsible: _____

   B) Date: **Nov 9, 2007** Action: **Termination**

   Name and Title of Person(s) Responsible **Human Resources Rep.**
   Describe any other actions you believe were discriminatory.

   **I gave my supervisor and the H.R. person my list of medication, which I didn't need to do. A few of my prescription cause sleepiness. When I was between studies when I would fall asleep. It never happened when I was working instead of waiting.**

6. What reason(s) were given to you for the acts you consider discriminatory? By whom? Title?

   Written warnings by my supervisor

7. Name and describe others who were in the same situation as you. Explain any similar or different treatment. Who was treated worse, who was treated better, and who was treated the same? Provide race, sex, age, national origin, religion, and/or disability status of comparator if known and if connected with your claim of discrimination. Add additional sheets if needed.

   Full Name | Job Title | Description
   1. Muritrat Amadu | Sr. Technician | running kitchen work
   2.
   3.

   Answer questions 8-10 only if you are claiming discrimination based on disability. If not, skip to question 11.

8. Please check all that apply:
   - [✓] Yes, I have an actual disability
   - [ ] I have had an actual disability in the past
   - [ ] No disability but the organization treats me as if I am disabled

9. If you are alleging discrimination because of your disability, what is the name of your disability? How does your disability affect your daily life or work activities, e.g., what does your disability prevent or limit you from doing, if anything? (Example: lifting, sleeping normally, breathing normally, pulling, walking, climbing, caring for yourself, working, etc.).

   I have had 5 back surgies. Before this became a full time job I was on S.S.D. and Medicare. This problem has arisen since my doctor Ira Goodman has been treating me with pain medican and shots in my back to allievate pain.

10. Did you ask your employer for any assistance or change in working condition because of your disability?
    YES [✓]  NO [ ]   limiting my lifting heavey objects

    Did you need this assistance or change in working condition in order to do your job?
    YES [✓]  NO [ ]

    If "YES", when? July 19, 07  To whom did you make the request? Provide full name of person Migel Lopez  How did you ask (verbally or in writing)? Writing
    Describe the assistance or change in working condition requested?
    nothing really changed

11. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and indicate what they will say. Add additional pages if necessary.

    NAME            JOB TITLE            ADDRESS & PHONE NUMBER

A. Connie Hensley   Sr Technologist   801 Waukegan Glenview
   (847) 646-2370

B. NAME / JOB TITLE / ADDRESS & PHONE NUMBER _____

C. NAME / JOB TITLE / ADDRESS & PHONE NUMBER _____

12. Have you filed a charge previously in this matter with EEOC or another agency? YES ☐ NO ☒

13. If you have filed a complaint with another agency, provide name of agency and date of filing:

14. Have you sought help about this situation from a union, an attorney, or any other source? YES ☐ NO ☒ - If yes, from whom and when? Provide name of organization, name of person you spoke with and date of contact. Results, if any?

_Margaret L Nelson_          12-20-07
Signature                     Today's Date

If you have not heard from an EEOC office within 30 days of mailing this form, please call toll-free number shown on the letter accompanying this form. Provide the tracking number on the attached cover letter. Please make a copy of this form for your records before mailing.

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:

1. FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (10/2006).
2. AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a)
3. PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information in an acceptable form consistent with statutory requirements to enable the Commission to act on matters within its jurisdiction. When this form constitutes the only timely written statement of allegations of employment discrimination, the Commission will, consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(b), consider it to be a sufficient charge of discrimination under the relevant statute(s).
4. ROUTINE USES. Information provided on this form will be used by Commission employees to determine the existence of facts relevant to a decision as to whether the Commission has jurisdiction over allegations of employment discrimination and to provide such charge filing counseling as is appropriate. Information provided on this form may be disclosed to other State, local and federal agencies as may be appropriate or necessary to carrying out the Commission's functions. Information may also be disclosed to respondents in connection with litigation.
5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. The providing of this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge of discrimination. It is not mandatory that this form be used to provide the requested information.

## STATE OF ILLINOIS
## DEPARTMENT OF EMPLOYMENT SECURITY

## BOARD OF REVIEW

**BOARD DOCKET NO.** ABR-08-1371

**LOCAL OFFICE:** 018

**CLAIMANT: (APPELLANT)**

Margaret L Nelson
2128 Rugen Rd # A
Glenview IL 60026

**EMPLOYER: (RESPONDENT)**

Kraft Foods Holdings Inc.
C/O TALX UC Express
P. O. Box 283
Saint Louis MO 63166-0283

**OFFICE USE NO.** 117

**TYPE OF APPEAL:**

**RDS DOCKET NO.** AR-8001729A

MC-310.15 Misconduct

**REF IDENT. NO.** 506

**ISSUE AND BENEFIT PERIOD:**

**SOC. SEC. NO.** 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

01  11/18/2007 - 12/01/2007

## DECISION

This is an appeal by the claimant from a Referee's decision dated January 30, 2008, which set aside the claims adjudicator's determination and held that the claimant was discharged for misconduct connected with work and is subject to a disqualification of benefits from November 18, 2007, and thereafter until the claimant requalifies for benefits under Section 602A of the Illinois Unemployment Insurance Act. The employer is a party to these proceedings.

We have reviewed the record of the evidence in this matter, including the transcript of the testimony submitted at the hearing conducted by telephone on January 29, 2008, at which both parties appeared. The record adequately sets forth the evidence so that no further evidentiary proceedings are deemed necessary.

The record discloses that the claimant worked for a food manufacturer as a Senior Technician from January 23, 1996 through November 9, 2007 when she was discharged for sleeping on the job. The claimant fell asleep on the job as the result of side effects of the nine different medications she was taking for various conditions, including pain management. The claimant was last discovered by her supervisor sleeping at her work station on November 8, 2007. She was observed sleeping for approximately 10 minutes.

The issue presented by this appeal is whether the claimant was discharged for misconduct connected with work under Section 602A of the Illinois Unemployment Insurance Act.

ABR-08-1371                                                                                           Page 2

The primary purpose of the Illinois Unemployment Insurance Act is to provide benefits to individuals who are involuntarily unemployed due to a lack of suitable work and for no other reason. Accordingly, the Act disqualifies from benefits an individual who is discharged for misconduct connected with the work. In such cases, the individual is not involuntarily unemployed due to a lack of suitable work.

Section 602A of the Act provides in part that "An individual shall be ineligible for benefits for the week in which he has been discharged for misconduct connected with his work and, thereafter, until he has become reemployed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks which were either for services in employment, or have been or will be reported pursuant to the provisions of the Federal Insurance Contributions Act by each employing unit for which such services are performed ..."

The term "misconduct" means the deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employing unit.

In determining whether actions for which an unemployment compensation benefits applicant was discharged amounted to misconduct, the proper inquiry was not the period of time for which the applicant was asleep, but whether under all the circumstances the applicant's actions were deliberate and willful. *See* **Washington v. Board of Review, App. 1 Dist.1991, 156 Ill.Dec. 90, 211 Ill.App.3d 663, 570 N.E.2d 566**

There is no evidence that the claimant deliberately fell asleep at work. She was discovered in the open, at her assigned work station. In addition, the claimant was required to take pain medications which caused her to fall asleep. We find no willful and deliberate act on her part to violate her employer's prohibition against sleeping on the job.

Accordingly, we conclude that the claimant was discharged for reasons other than misconduct connected with work and is not subject to disqualification under Section 602A of the Act.

The decision of the Referee is REVERSED.

q:\pdoxapps\bor\DOCS\08-1371.LFD

ABR-08-1371                                                                                           Page 3

## BOARD OF REVIEW

_____
J. HUNT BONAN, Chairman

_____          _____
STANLEY L. DRASSLER, JR.            WILLIAM J. NOLAN
Member                              Member

_____
CONSTANTINE M. ZOGRAFOPOULOS
Member

Dated and Mailed on  MAR 1 0 2008  at Chicago, Illinois

### NOTICE OF RIGHTS FOR FURTHER REVIEW BY THE COURTS

(ESTE ES UN AVISO IMPORTANTE RESPECTO A SUS DERECHOS A REPASAR POR LOS CORTES. SI NO LO ENTIENDE, BUSQUE UN INTERPRETE.)

If you are aggrieved by this decision and want to appeal, you must file a complaint for administrative review and have summons issued in circuit court **within 35 days** from the above mailing date.

You may only file your complaint in the circuit court of the county in which you reside or in which your principal place of business is located. If you neither reside nor have a place of business within Illinois, then you must file your complaint in the Circuit Court of Cook County.

**Legal references:**

- Illinois Unemployment Insurance Act, 820 Illinois Compiled Statutes 405/1100

- Administrative Review Law, 735 Illinois Compiled Statutes 5/3-101 et seq.

# ILLINOIS DEPARTMENT OF
# Human Rights

Rod R. Blagojevich, Governor
Rocco J. Claps, Director

June 10, 2008

Margaret Nelson
2128 Rugen Road, #A
Glenview, IL 60026

Re: Nelson v Kraft Foods 080325038

Dear Complainant:

The United States Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (Department) are parties to a cooperative agreement. Under this agreement, when you filed your charge of discrimination with the EEOC it was automatically filed with the Department. The Department is keeping a copy of your EEOC charge on file to preserve jurisdiction under Illinois law.

This letter is to inform you that you may proceed with your charge at the Department. **This does not affect the processing of your charge at EEOC.** If you wish to proceed with the Department, you must notify the Department in writing of your decision, either by mail or in person, within 35 days of receipt of this letter. **Please include the Control Number indicated above on the letter you send to the Department regarding this charge.**

> **By Mail:** Your written decision should be sent via U.S. Postal certified mail, return receipt requested, to: IL Department of Human Rights, Attn: EEOC Referred Charges/Intake Unit, 100 W. Randolph St., Ste. 10-100, Chicago, IL 60601.
>
> **In Person:** You must bring an original and one copy of your written decision. The Department will stamp the copies and one will be returned to you for your records.

You should also provide to the Department (Attn: EEOC Referred Charges/Intake Unit) a copy of the EEOC Determination and Findings as soon as you receive them from the EEOC. When the Department receives your documents, you will be mailed a letter containing additional information about your case.

Your failure to timely notify the Department of your decision will result in the Department closing your file. If you do not wish to proceed with the Department, you do not need to take any further action.

As stated above, this letter does not affect the processing of your charge at the EEOC, and does not apply to any settlement of this charge the parties have made with the EEOC. **If you have any questions regarding this process, please contact Thomas F. Roeser, Pre-Investigations Coordinator, at (312) 814-6295. Please do not contact the EEOC.** It is not necessary that Respondent take any action at this time.

THE DEPARTMENT OF HUMAN RIGHTS

CC: Director of Human Resources
    **KRAFT FOODS**
    **801 Waukegan Road**
    **Glenview, Il 60026**

Rev. 10/07


Covenant Medical Group

Claudia Petersen, M.D.
Internal Medicine

July 5, 2007

To Whom it may concern,

Margaret L Nelson (DOB 7-21-1954) is a patient under my care for many years. She has requested a letter regarding her medical capacity to be employed as a Shelf Life Technician and has supplied me with a job description.

Based on Margaret (Peggy's) physical health, she should be readily able to fulfill the responsibility expected in her position. Her only limitation is to significant lifting, pushing or pulling of over 20 #, and she assured me that that was handled by others assisting her.

Please feel free to contact me with any questions or concerns.

Sincerely,

Claudia Petersen, MD

2501 Compass Road • Suite 100 • Glenview, IL 60026 • Office: (847) 901-5200 • Fax: (847) 901-5225

Michael C. Caughron, M.D. • Kim Leung-Stone, M.D. • Marcy Millar, M.D. • Gregory Wallman, D.O. • Frank Weschler, M.D.

## BARRY M. GERSHUNY, M.D.

LASALLE BANK BUILDING
1200 SHERMER ROAD, SUITE 208
NORTHBROOK, ILLINOIS 60062
TELEPHONE (847) 480-0132
FAX (847) 480-1348

July 18, 2007

Kraft Foods
Human Resources

RE: Margaret L. Nelson (d.o.b. 07/21/1954)

To Whom It May Concern:

Ms. Nelson has been under my care since 09/17/2001.

She is fully capable of performing the duties her position without restriction.

Her medications have been modified to eliminate any further episodes of somnolence.

Sincerely,

[signature]



Claudia Petersen, M.D.
Internal Medicine

July 19, 2007

To Whom It May Concern

    Margaret (Peggy) Nelson is a patient under my care. This letter is written as an addendum to my previous letter of earlier this month. Peggy has a chronic back condition which enables her to work her present position but maintains her with a permanent 20# lifting restriction.

    Please contact me if you have any questions.

Sincerely,

Claudia Petersen, MD

2501 Compass Road • Suite 100 • Glenview, IL 60026 • Office: (847) 901-5200 • Fax: (847) 901-5225

Michael C. Caughron, M.D. • Kim Leung-Stone, M.D. • Marcy Millar, M.D. • Gregory Wallman, D.O. • Frank Weschler, M.D.

# BARRY M. GERSHUNY, M.D.

LASALLE BANK BUILDING
1200 SHERMER ROAD, SUITE 208
NORTHBROOK, ILLINOIS 60062
TELEPHONE (847) 480-0132
FAX (847) 480-1348

February 12, 2008

State of Illinois
Department of Employment Security, Appeals Division

RE:   Margaret L. Nelson (d.o.b. 07/21/1954)
      Appeal Docket AR-8001729A

To Whom It May Concern:

Ms. Nelson has been under my care since 09/17/2001. Her chronic and severe back pathology has had wide-ranging consequences for her, including but not limited to its impact on her mood and anxiety.

For her, the medications I prescribe are essential (along with other modalities) to alleviating her emotional symptoms. I have done my best to identify the smallest possible dosages of the least sedating medications that will adequately treat her condition. I wrote to her employer on 07/18/2007 stating that the medications I prescribed at that time were not in and of themselves causing somnolence.

Subsequent to that letter, however, at least one of her other physicians added a new pain medication that by itself and/or in conjunction with her other medications led to worsening daytime sedation. Furthermore, during these years that I have know her, Ms. Nelson has been adamant about her desire to work, noting amongst other positives that working is helpful to her overall well-being. She has never chosen to do anything, such as sleeping on the job, to knowingly undermine her employment.

Sincerely,

[signature]

**Pain Specialists of Greater Chicago Ravine Way**
2350 Ravine Way Suite 600  Glenview, IL 60025
6303719980  Fax:

June 13, 2008

Re:        Margaret L Nelson
DOB:       07/21/1954

To Whom It May Concern:

Margaret L Nelson is under my care for pain management. Margaret is diagnosed with
SACROILIITIS NEC (ICD-720.2)
POST LAM SYND LUMBAR (ICD-722.83)
RADICULOPATHY LUMBAR (ICD-724.4)
FACET SYND W/O MYELOP, LUMBAR (ICD-721.3)
She may not sit more than 30 mins due to lower back pain. If you have any further question regarding Margaret's care, please contact the office.

Sincerely,

Ira J Goodman, MD
Pain Specialists of Greater Chicago